United States District Court
Eastern District of Michigan
Southern Division

United States of America,

v.

D-1 Prince Charles Knowles,

Defendant.
_______________________________/

Case No. 24-CR-20557

Hon. Stephen J. Murphy

# Government's Sentencing Memo

Defendant Prince Charles Knowles recruited three friends into a conspiracy to straw purchase multiple $10,000 rifles. Specifically, Knowles paid his co-defendants hundreds of dollars to buy the rifles and hand them to Knowles. Because he was the leader of this conspiracy, this Court should sentence Knowles to a sentence within the guidelines.

## I. Factual Background

Starting around October 2022, Knowles recruited three friends, Nyle Willis, Jamel Brown, and Christian Smith, to visit Federal Firearms Licensees (FFLs) and purchase FN, M259S 5.56 caliber belt fed rifles for him. PSR ¶¶ 10-19. Knowles provided the funding, directed

their purchases, monitored their progress, and paid them for the rifles. Id. As part of these purchases, the co-defendants were required to fill out ATF Form 4473 and attest that they were not buying the rifles on behalf of someone else. Id. ¶ 18. Each of Knowles's co-defendants completed this form at least once. Id. Both Knowles and his co-defendants knew these attestations were false. Id.

Specifically, Knowles directed Willis to purchase two rifles in October and November 2022. Id., ¶¶ 10-15. In October 2022, Willis successfully purchased the first rifle including signing ATF Form 4473. Id. ¶¶ 14, 18. He then gave the rifle to Knowles. Id. Willis attempted to buy a second rifle in November 2022 but was caught in the FFL transferring the second rifle. Id. ¶¶ 10-15. At the time he was caught, Knowles was in the parking lot having driven Willis to the FFL. Id. ¶ 15. Knowles paid Willis $1,000 for the first rifle and planned to pay him $2,000 for the second rifle. Id. ¶¶ 13-14. Text messages between Knowles and Willis corroborated these facts. Id. ¶ 16.

In October 2022, Knowles also had Christian Smith purchase a rifle for him. Id., ¶ 19. Smith allowed Knowles to use his name, email address, and phone number to purchase the rifle. Id. After Smith signed

ATF Form 4473, obtained the rifle, and handed over the rifle to Knowles, Knowles paid Smith $500. Id.

At the time of the offense, Knowles was on bond, and later, on probation for felonious assault, felony firearm, and weapons-damage over $50. PSR ¶ 35. Knowles was the passenger of a vehicle involved in a road rage incident involving a collision. Id. After the two vehicles stopped behind one another, Knowles got out and approached the driver's side of the other vehicle with his hand inside his pocket. Id. As the other driver attempted to drive away, Knowles pulled out a pistol and shot at the driver of the van, hitting the A pillar. Id. Knowles got back into the passenger's seat, and they chased the victim's vehicle at a high rate of speed until police stopped both vehicles. Id. Knowles was placed on YTA probation which eventually resulted in the case being dismissed. Id.

## II. Guideline Calculations

The Probation Department accurately scored Knowles's guidelines at 18 to 24 months. Id. ¶ 60. While Knowles has objected to some of the specific offense characteristics, the United States relies on its responses included in the final PSR. Id., Pgs. A-1 – A-3.

## III. Section 3553(a) Factors

As discussed below, the § 3353(a) factors, weigh in favor of a guideline sentence.

### a. Nature of the Offense, History and Circumstances of the Defendant, and Respect for the Law.

While straw purchasing is always a serious crime because it enables prohibited persons to possess weapons, the type of rifle makes this case even more serious. These are not simple handguns. The rifles in this case are belt-fed semi-automatic replicas of a military grade light machinegun. Moreover, Knowles disposed of the firearms to unknown parties for an unknown purpose. The straw purchases likely resulted in real harm.

Moreover, at the time of the offense, Knowles faced extremely serious weapons and assault charges. He should not have been in possession of any firearms. Knowles's conduct in this case and the assault case shows a lack of respect for the law and concern for the safety of his community. This factor weighs in favor of a guideline sentence.

### b. The Need to Avoid Unwarranted Sentencing Disparities

The PSR notes that the JSIN data for similarly situated defendants has the average and median length of imprisonment at 16 and 18 months respectively. PSR ¶ 83. Knowles's guidelines are predicted to be significantly higher than his co-defendants because he was the leader of the conspiracy and a prohibited person. PSR ¶¶ 25, 28, 84. Therefore any disparity in sentence between Knowles and his codefendants is warranted.

## IV. Conclusion

For the reasons described above, the Court should sentence Knowles to a sentence within the guidelines followed by three years of supervised release.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

/s/Micah Wallace
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9591
Micah.wallace@usdoj.gov

Dated: August 27, 2026

## Certificate of Service

I certify that on August 27, 2026, I electronically filed the Government's Sentencing Memorandum with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to the following: Wade Fink, Attorney for Defendant Knowles.

s/ *Micah Wallace*
Assistant U.S. Attorney
U.S. Attorney's Office